**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                 No. CR 09-0771 JB

RAFAEL ANDRADE-TORRES,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Sentencing Memorandum, filed June 22, 2009 (Doc. 18). The Court held a sentencing hearing on July 9, 2009. The primary issues are: (I) whether the Court should depart downward because of Defendant Rafael Andrade-Torres' cultural assimilation; and (ii) whether the Court should vary from the advisory guideline range and sentence to a below-guideline sentence. For the reasons stated at the hearing and for other reasons consistent with those already stated, the Court will deny the request for a downward departure, but will grant the request for a variance.

**PROCEDURAL BACKGROUND**

On March 30, 2009, Andrade-Torres pled guilty, pursuant to a plea agreement, to illegally re-entering the United States in violation of 8 U.S.C. § 1326(a) and (b), and to possessing or using false immigration documents in violation of 18 U.S.C. § 1546(a). See Non-Standard Fast Track Plea Agreement ¶ 3(a)-(b), at 2, filed March 30, 2009 (Doc. 14). After an adjustment for acceptance of responsibility and a departure under the fast-track program, his base offense level is 20, and his criminal history is category III, yielding a guideline range of 41 to 51 months. In his sentencing memorandum, Andrade-Torres quotes a letter in which he accepts responsibility for re-entering,

describes some of his life, which includes living in America for twenty-one years, and asserts that he wants to be able to get back to being a productive citizen. See Sentencing Memorandum at 1-3. Andrade-Torres' counsel then writes that he believes that this letter and Andrade-Torres' assistance to authorities in aiding in the controlled delivery of a van to the individual who solicited Andrade-Torres to enter the United States counsel for a variance from the guideline range to an unspecified term of imprisonment below the guideline range. See id. at 3. The United States construes Andrade-Torres' memorandum as seeking both a downward departure for cultural assimilation and a variance, and asks that the Court deny both requests. See United States' Response to Defendant's Sentencing Memorandum Filed June 22, 2009 (Doc. 18) at 2-6, filed June 25, 2009 (Doc. 19).

## ANALYSIS

At the hearing, the Court told the parties that it would treat the Andrade-Torres' letter in the same manner as the United States had interpreted it -- as a request for a downward departure based on cultural assimilation. Like many defendants in re-entry cases, Andrade-Torres has a long history in the United States, but the Court sees nothing sufficiently exceptional about his circumstances to warrant a departure. His case remains within the heartland of cases that the federal courts generally, and this Court in particular, see on a regular basis. As stated at the hearing, the Court will deny the request for a departure based on cultural ties or assimilation.

Though the Court is not persuaded that a departure is appropriate, the Court believes that the guideline sentence is excessive and so will vary from the suggested guideline range under United States v. Booker, 543 U.S. 220 (2005), and 18 U.S.C. § 3553(a). Andrade-Torres was convicted in Wyoming in 1998 of conspiring to distribute methamphetamine and sentenced to 151 months in prison. See Presentence Investigation Report ¶ 21, at 6 (disclosed May 8, 2008). On the basis of this conviction, Andrade-Torres received a 16-level enhancement for reentry after being deported

subsequent to a felony drug-trafficking offense, see U.S.S.G. § 2L1.2(b)(1)(A)(i), and received 3 criminal history points.  In addition, because he re-entered the United States within two years of being released from custody, he was assessed 2 more criminal history points.  Largely on the basis of a single conviction in the past, Andrade-Torres' guideline range has substantially increased.

The Court believes that a guideline sentence of 41 to 51 months, given that Andrade-Torres has already served a significant amount of time for his earlier conviction, is excessive.  A sentence in the 40-plus-months range seems too high for this defendant in comparison to similarly situated defendants the Court regularly sees.  Andrade-Torres is more in line with defendants with an offense level of 19.  The Court believes that sentencing Andrade-Torres consistent with such defendants, whose guideline ranges would be 37 to 46 months, more faithfully promotes the sentencing goals in 18 U.S.C. § 3553(a).  The Court will therefore vary from the advisory guideline range and sentence Andrade-Torres to 37 months incarceration.

**IT IS ORDERED** that the request in the Sentencing Memorandum for a downward departure is denied and the request for a variance is granted.  The Court sentences Defendant Rafael Andrade-Torres to 37 months incarceration.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory J. Fouratt
  United States Attorney
Holland S. Kastrin
Paige Messec
  Assistant United States Attorneys
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Luis B. Juarez
Las Vegas, New Mexico

    *Attorney for the Defendant*